IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Yonny Mercedes, | Case No. 4:06 CV 2529 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| T. R. Sniezek, Warden, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner's Objection (Doc. No. 17) to the Magistrate's Report and Recommendation (Doc. No. 14) which denied Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1). The Objection was filed November 19, 2007, after the filing deadline of November 13, 2007.[1] This Court adopted the Magistrate's findings on November 19, 2007 (Doc. No. 15) (before receipt of Petitioner's Objection which was styled as a "Reply"). Although untimely, the Court shall consider the merit of his Objection.

**1. Petitioner's Objection**

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208, 1213 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings to which the Plaintiff objects. For the following reasons, the Court finds the Objections are not well taken.

---

[1] Pursuant to Local Rule 72.3(b): "Any party may appeal from a Magistrate Judge's order determining a motion or matter made pursuant to Fed. R. Civ. P. 72(a) within ten (10) days after service of the Magistrate Judge's order."

### A.     Exhaustion of Administrative Remedies

The Magistrate found (p. 6) Petitioner failed to plead or show he exhausted administrative remedies with the Bureau of Prisons (BOP) as required under 28 U.S.C. § 2241 and 28 C.F.R. §§ 542.10-16.  However, Petitioner attached to his Petition (Doc. No. 1 Ex. at pp. 8-13), and later produced again, the same documentation of his initial administrative request, his appeal from that denial to the regional administrative office and his appeal of that denial to the central administrative office (Doc. No. 19 at pp. 9-14).  This Court finds therefore Petitioner fully exhausted his available administrative remedies.

### B.     Collateral Estoppel

The Magistrate found "persuasive" Respondents' argument that Petitioner's claim was barred by collateral estoppel, but did not find against him on this ground (p. 4).  Specifically, Respondents argued Petitioner had already unsuccessfully litigated the issue of his sentence.  The Magistrate noted Petitioner's argument in the initial case before the Court (*Mercedes v. Sniezek*, 4:05 CV 1934) where Petitioner sought credit on his federal sentence for the period August 3, 2000, when the U.S. Marshal Service "borrowed him" under a Writ of Habeas Corpus Ad Prosequendum, through February 8, 2001, when federal authorities returned him to state custody.  Petitioner now seeks credit dating back to the time of his arrest on April 28, 1999 through January 23, 2001, when his federal sentence was imposed.

To successfully preclude a party from litigating an issue, the party asserting preclusion must establish the traditional elements of collateral estoppel, namely, whether the issue in the subsequent litigation (1) is identical to that resolved in the prior action; (2) was actually litigated and decided in the prior action; and (3) was necessary and essential to a judgment on the merits in the prior action. In addition, the Court must find the party to be estopped was a party (or in privity) to the prior action

and had a "full and fair opportunity to litigate the issue." *Brewster v. Barnhart*, 145 F. App'x 542, 547 (6th Cir. 2005) (citing *Hamer v. INS*, 195 F.3d 836, 840 (6th Cir. 1999)).

In both cases, Petitioner has sought issuance of a Writ of Habeas of Corpus based on an alleged miscalculation of the length of his federal sentence by the BOP. The issue is the same in both cases, even though Petitioner is now asking the Court to apply a credit starting from an earlier date. In the previous case, the Court determined (1) the commencement date of the sentence and (2) the proper credit to be awarded against that sentence for time spent in federal custody. There is nothing new to be decided in Petitioner's refiled case. Also, the parties are identical and Petitioner had a full opportunity to litigate the correct credit for his sentence.

The Court finds the prior litigation resolved the issue of sentence commencement and credit. The issue is barred by collateral estoppel.

### C. The Merits

In his Reply to Summary Judgment (Doc. No. 13) and Objection to the Report and Recommendation (Doc. No. 17), Petitioner raises two distinct arguments: (1) his federal sentence should be deemed to have begun on April 28, 1999, the time of his arrest, rather than January 23, 2001, the date he received his federal sentence, because the time he spent in federal custody awaiting trial should be credited to his federal sentence; and (2) the sentencing court intended to adjust Petitioner's sentence downward. The first issue, as discussed above, has already been resolved in previous litigation and may not be re-litigated in the instant case. However, the second issue has not previously been resolved, and this Court accordingly decides the issue.

Petitioner claims the sentencing judge intended to adjust the sentence downward under § 5G1.3(b) of the Sentencing Guidelines. Petitioner points to the sentencing judge's oral statement:

3

"The sentence shall run concurrent to the state sentence, without objection from the Government, pursuant to Section, . . . I think it's 5G1.3(b)." (Objection p. 5). Therefore, Petitioner argues his sentence should be adjusted downward from 121 months to 100 months to reflect a credit for 21 months of time served. Petitioner argues he is entitled to this credit for his current sentence for the time he spent in detention while awaiting sentencing.

Petitioner maintains that his circumstances are analogous to *United States v. Dorsey*, 166 F.3d 558 (3d Cir.1998). In *Dorsey*, the court addressed the often-confusing use of the term "credit" in imposing a sentence. A "credit" may mean credit to be awarded by the BOP under 18 U.S.C. § 3585(b)[2] for time a defendant has already spent in detention awaiting sentencing, or it may mean a downward adjustment of a sentence declared by the sentencing judge under § 5G1.3(b) of the Sentencing Guidelines.[3] Under the first type of "credit," a defendant may not receive "a double credit for his detention time." *United States v. Wilson*, 503 U.S.329, 337 (1992); *see also McClain v. Bureau*

---

[2] A defendant may receive sentence credit for any time that he has been incarcerated prior to the commencement of his sentence if he was incarcerated "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b).

[3] "If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>    (1) **the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons**; and
>    (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment."
U.S.S.G. § 5G1.3(b) (emphasis added).

*of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (a defendant who has already received detention credit to his state sentence may not also receive credit to his federal sentence).

Petitioner argues now for the second type of credit claiming the sentencing judge intended to "credit" his sentence by imposing a downward adjustment under § 5G1.3(b) of the Sentencing Guidelines. Petitioner did move for clarification of his sentence before the sentencing court in New York. *United States v. Mercedes*, No. 99 CR 1142, 2007 WL 766306 (S.D.N.Y. March 14, 2007). In that opinion, the sentencing judge clarified her sentence and explained § 5G1.3(b) did **not** apply because the state sentence Petitioner was serving while awaiting sentencing in the federal court was unrelated to the federal charge and was not the basis for any increase in Petitioner's offense level:

> Although the second state charge [based on the same conduct for which Petitioner was arrested in April 1999 and charged under federal law] may have been fully taken into account in determining the offense level for Mercedes's federal conspiracy conviction, the first state charge resulted from an unrelated state drug conviction for possession of a controlled substance. Accordingly, this Court never intended to give Mercedes an adjustment for the twenty-one months he previously spent in state custody . . . Admittedly, the Court misspoke when it relied on subsection (b) of section 5G1.3 . . . [and] should have cited subsection (c) which provides for concurrent . . . sentences that do not fall under subsections (a) or (b).

*Id.* at *6 & n. 30 (citations omitted). The sentencing judge clearly did not intend to award a downward adjustment under the Guidelines but rather merely to run the federal sentence concurrently with the state sentence. Petitioner therefore is not entitled to a downward adjustment from the 121-month sentence imposed by that court and calculated correctly by the BOP.

## CONCLUSION

For the foregoing reasons, Petitioner's Objection is not well-taken, and this Court adopts the Report and Recommendation of the Magistrate. While preparing this Order, the Court received Petitioner's Motion for Reconsideration (Doc. No. 18), which asked the Court to consider the merits

of Petitioner's Objections (Doc. No. 17). Because the Court has done so in this Order, the Motion for Reconsideration is denied as moot.

Petitioner has failed to show the existence of any set of facts upon which he could prevail. Accordingly, under 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this action could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 21, 2007